STATE OF CONNECTICUT *v.* EVERTON GARDNER*

Superior Court, Judicial District of Hartford
File No. CR-04-0576812

Memorandum filed June 14, 2007

*Walter D. Hussey,* for the defendant.

*Chris Pelosi,* assistant state's attorney, and *Vicki Melchiorre,* senior assistant state's attorney, for the state.

MULLARKEY, J. The defendant, Everton Gardner, moves to suppress statements made by the defendant to Detective Robert Davis on September 28, 2003, at Hartford Hospital. The defendant claims that the waiver of his *Miranda*[1] rights was not voluntary due to pain medication that he was given prior to speaking with Davis. After a full consideration, this court finds that the claims of the defendant fail and denies the defendant's motion to suppress.

I

FACTS

This court conducted an evidentiary hearing on February 9, 2007. Based on the testimony and evidence introduced at that hearing, this court finds the following facts. On September 28, 2003, the defendant was admitted to Hartford Hospital for treatment of a gunshot

---

* Affirmed. *State* v. *Gardner,* 297 Conn. 58, 1 A.3d 1 (2010).

[1] *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

wound to his thigh, and underwent surgery from approximately 4 a.m. to approximately 7 a.m. During the surgery he was given anesthesia. After the surgery, he was placed in the intensive care unit. At around 7 a.m., the defendant was given two to four milligrams of dilaudid, a pain medication; he was not given another dose until 9 p.m.

At approximately 3:30 p.m., Davis arrived at Hartford Hospital. When he arrived, Davis relieved another officer who was stationed outside of the defendant's room in the intensive care unit. At approximately 7:30 p.m., the defendant was seen by the attending physician. After that, Davis spoke with the attending physician, and was told that the defendant was able to be interviewed. At 8 p.m., the medical records state that the defendant was "awake, alert, oriented to place, person, [and] time." Davis began to interview the defendant at approximately 8:30 p.m. He described the defendant's condition as alert, conscious, awake, normal and lucid. Based on Davis' prior experience interviewing hundreds of people under the influence of drugs and alcohol, he made a determination that the defendant was not under such an influence and was competent enough to be interviewed.

At the time of questioning by Davis, the defendant had already been placed under arrest. When Davis entered the room, he was dressed in plain clothes with a polo style shirt with a Hartford Police badge sewn on. He also identified himself to the defendant as a police officer and showed him his badge. Davis then proceeded to read the defendant his *Miranda* rights off of a form. While reading the rights, Davis was interrupted by the defendant saying that he understood his rights. Davis continued to read the *Miranda* rights in their entirety. After reading the defendant his rights, neither Davis nor the defendant signed or made any mark on the *Miranda* rights form. The defendant stated

that he understood his rights and was willing to speak with Davis, but did not want to sign the form. After the interview, Davis asked if the defendant wished to make a written statement; the defendant declined to do so.

## II

## DISCUSSION

For a waiver of *Miranda* rights to be valid, the "waiver must be voluntary, knowing and intelligent. . . . The state has the burden of proving by a preponderance of the evidence that the defendant voluntarily, knowingly and intelligently waived [his] *Miranda* rights." (Internal quotation marks omitted.) *State* v. *Canales*, 281 Conn. 572, 590, 916 A.2d 767 (2007). The Connecticut Supreme Court has explicitly rejected the claim that a higher burden should be placed on the state, making the standard one of proof beyond a reasonable doubt. *State* v. *Lawrence*, 282 Conn. 141, 177, 920 A.2d 236 (2007).

"Whether the defendant has knowingly and intelligently waived his rights under *Miranda* depends in part on the competency of the defendant, or, in other words, on his ability to understand and act upon his constitutional rights." (Internal quotation marks omitted.) *State* v. *Reynolds*, 264 Conn. 1, 51, 836 A.2d 224 (2003), cert. denied, 541 U.S. 908, 124 S. Ct. 1614, 158 L. Ed. 2d 254 (2004). When considering the validity of a waiver, a court must look at the totality of the circumstances surrounding the waiver. *State* v. *Azukas*, 278 Conn. 267, 288, 897 A.2d 554 (2006). One consideration that is taken into account when determining the validity of a waiver is whether a written or oral waiver was made. "An express written or oral waiver is strong proof of the validity of the waiver." (Internal quotation marks omitted.) Id. With regard to a defendant's not giving a written waiver, the Connecticut Supreme Court has held that, "[w]hile the refusal to sign a written waiver or written

statement is a relevant factor in determining whether an individual knowingly, intelligently, and voluntarily waived his privilege . . . it is not controlling and may be outweighed by affirmative conduct indicative of a knowingly and intelligently made decision not to remain silent." (Citation omitted; internal quotation marks omitted.) *State* v. *Shifflett*, 199 Conn. 718, 733, 508 A.2d 748 (1986). In *Shifflett*, our Supreme Court held that, "[u]nder the circumstances of this case, we believe that the defendant's unequivocal understanding that anything he said could be used against him in a subsequent trial, coupled with his express agreement to speak with [the detectives], constitute the requisite level of comprehension . . . and the explicit affirmative act . . . necessary to sustain the trial court's finding that the defendant waived his *Miranda* rights." (Citations omitted; internal quotation marks omitted.) Id. The Supreme Court also held that the state must demonstrate that the defendant understood his rights and that the defendant's course of conduct indicated that he did indeed waive those rights. Id.

The state has proven by a preponderance of the evidence that the defendant's waiver of his *Miranda* rights and his subsequent statements to Davis were voluntary. While the defendant's not signing the *Miranda* waiver sheet is a relevant factor in determining the voluntariness of that waiver, his repeated oral waiver outweighs his refusal to sign the form. The defendant said to Davis that he understood his rights, and then continued to speak with Davis; this fulfills the requirement that there be a " 'requisite level of comprehension' " and " 'an explicit affirmative act . . . .' " Id. These actions taken by the defendant support this court's finding that his waiver of his *Miranda* rights was voluntary.

In determining the defendant's competency to waive his constitutional rights, several factors may be considered by the trial court, they "include the defendant's

. . . intoxication . . . [and] his emotional state . . . ." (Internal quotation marks omitted.) *State* v. *James*, 93 Conn. App. 51, 58, 887 A.2d 923 (2006). The Connecticut Supreme Court dealt with the issue of the voluntariness of waiver based on emotional state and intoxication in *State* v. *Harris*, 188 Conn. 574, 582, 452 A.2d 634 (1982), cert. denied, 460 U.S. 1089, 103 S. Ct. 1785, 76 L. Ed. 2d 354 (1983). In *Harris*, the court held that, "a distraught emotional state, arising out of the circumstances leading to the arrest, or out of the voluntary ingestion of alcohol or drugs, does not prevent a finding of voluntariness or of knowing and intelligent waiver." Id. In *Harris*, the officer testified that the defendant had appeared to be intoxicated approximately one hour prior to the interview, and the court held that the trial court was entitled to conclude that the defendant was not intoxicated at the time of the interview, therefore making his waiver voluntary. Id., 582 n.8.

There is no evidence before this court that suggests that the defendant's waiver of his *Miranda* rights was anything but voluntary. The defense claims that the pain medication that was given to the defendant earlier in the day may have affected his ability to voluntarily waive his *Miranda* rights. The only evidence that the defense has admitted to the record to support this is the medical record which references that the defendant was, in fact, given the medication, approximately thirteen and one-half hours prior to the interview with Davis. That same medical record also references that at 8 p.m., one-half hour prior to the interview with Davis, the defendant was "awake, alert, oriented to place, person [and] time." The state, on the other hand, has submitted several pieces of evidence to the record that show that the defendant was lucid and able to voluntarily waive his *Miranda* rights. First, Davis checked with the defendant's attending physician and

was told that the defendant was lucid and that the pain medication would no longer affect his competency. Also, Davis made his own personal determination that the defendant did not seem to be under the influence of any drugs that would impair his ability to give a voluntary waiver. In *Harris*, the detective found that the defendant had been intoxicated an hour prior to questioning but then determined that at the time that he waived his *Miranda* rights, he was competent enough to waive those rights. *State* v. *Harris*, supra, 188 Conn. 582 n.8. In this case, not only was the defendant determined to be able to voluntarily waive his rights by Davis, but also by his attending physician. Without any further evidence to show the effect that the pain medication had on the defendant the evidence on the record proves by a preponderance of the evidence that the defendant was able to waive his *Miranda* rights and did, in fact, do so.

## III

## CONCLUSION

Based on the testimony and evidence introduced at the evidentiary hearing, this court finds that the claims made by the defendant do not merit the granting of his motion to suppress. This court finds that the state has met its burden of proof by a preponderance of the evidence that the defendant's waiver of his *Miranda* rights was voluntary, knowing and intelligent; therefore, the defendant's motion to suppress is denied.